IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01441-RPM-KMT

JOSEPH R. HART AND KENDALL S. PALMER,

Plaintiffs,

v.

UPS FREIGHT INC.,

Defendant.

---

## PROTECTIVE ORDER

Under Rules 26(c) and 26(c)(7), FED. R. CIV. P., IT IS ORDERED:

1. This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, depositions, deposition exhibits, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Rule 34(a), FED. R. CIV. P. A draft or non-identical copy is a separate document within the meaning of this term.

3. Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the preparation and trial of this case. The duty to keep confidential information confidential survives the completion of this case.

4. Information designated "Confidential" shall be information that has previously been maintained in a confidential manner, is confidential and/or is entitled to protection under Fed. R. Civ. P. 26(c)(1), and that concerns private financial, employment or medical information of Plaintiffs Joseph R. Hart and Kendall S. Palmer ("Plaintiffs"); or confidential business information about Defendant UPS Freight, Inc. ("Defendant"), Defendant's affiliates or subsidiaries, current or former employees and agents, trade secrets or other confidential research, or marketing, development or commercial information of Defendant. As a condition of designating documents for confidential treatment, the documents must be reviewed by a lawyer and a good faith determination must be made that the documents are entitled to protection.

5. A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential" (in a manner that will not interfere with their legibility). Applying the "CONFIDENTIAL" marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order (and accordingly, limited to use in and for this case).

6. In the event that Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party or parties.

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the

provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is promptly given to all counsel of record within sixty (60) days after notice by the court reporter of the completion of the transcript.

8. The parties recognize but do not necessarily agree that Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, employee duties and performance, employee discipline and promotions, personnel decisions and other documents related to the Plaintiffs' employment with Defendant, and Defendants' general business practices, financial matters, information regarding client/customer relationships, and technical, strategic or other proprietary business information. All Confidential Information designated "Confidential" may be reviewed only by the following persons:

  a. attorneys actively working on this case;

  b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

  c. the parties, including Plaintiffs and Defendant and Defendants' officers, management, and any designated advisory witnesses with a need to know who are directly assisting said attorneys in the preparation of this case;

  d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

  e. the Court, jurors and/or court staff in any proceeding herein;

      f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g.      deponents, witnesses or potential witnesses;

      h.      individuals serving as mediators with regard to these proceedings;

      i.      other persons by advance written agreement of the Parties;

      j.      Independent providers of document reproduction, electronic discovery or other litigation services retained or employed specifically in connection with this lawsuit; and

      k.      In no event shall a person or entity that is a competitor (direct or indirect) of Defendants, or who may be involved in any charge or claim against the Defendants, be allowed to view or receive any information designated by Defendants as Confidential, absent Defendants' written consent or Order of the Court.

9.      Before the parties or their counsel may disclose any Confidential Information to any persons contemplated by paragraph 7 of this Stipulated Protective Order, (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters and videographers) such person shall be provided with a copy of the Stipulated Protective Order and shall be advised that he or she shall be bound by its provisions.

10.      A Party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. A Party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

11. Any Party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the documents be returned. The receiving Party shall return such inadvertently produced documents, including all copies and copies the receiving Party provided to any other individual or entity, within 14 days of receiving such a written request. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Stipulated Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.

12. A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion within eleven (11) days after the end of the above-described ten-day period requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails

to file such a motion within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

13. Any party must move the Court to file Confidential documents under seal under D.C.Colo.LCivR. 7.2.

14. The duty to keep confidential any information or documents designated as confidential survives the completion of this case. At the conclusion of this case, the trial of this case, or any subsequent appeal, the Confidential Information provided by any party (including all copies thereof provided to any Authorized Person) shall be destroyed or preserved by counsel in a manner which is fully consistent with the terms of this Protective Order.

15. The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

16. This Stipulated Protective Order shall not be construed as a waiver of any right to object to the authenticity, admissibility or confidentiality of any evidence at trial nor shall it be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. This Stipulated Protective Order shall also not be deemed or construed as a waiver of the attorney/client privilege, work product doctrine, or any other privilege or of the rights of any Party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Stipulated Protective Order

shall be construed to limit, restrict or otherwise affect the ability of any Party to seek the production of documents, testimony or information from any source.

17. This Stipulated Protective Order shall not constitute or be deemed to constitute an admission by either of the stipulating Parties or a determination by the Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said Confidential Information or its admissibility at trial or limit the Parties' rights to object to the disclosure of Confidential Information at the trial in this matter or in discovery or litigation of this matter.

By the Court:

_____
U.S. Magistrate Judge

So Stipulated:

*s/John W. McKendree*
John W. McKendree
Offices of John McKendree
7582 East 121st Drive
Thornton, CO 80602
Telephone: (303) 618-8780
Email: jwm@mckendreelaw.com

**ATTORNEYS FOR PLAINTIFFS**

*s/Steven M. Gutierrez*
Steven M. Gutierrez
HOLLAND & HART LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
Telephone: 303-290-8531
Fax: 303-290-1606
E-mail: sgutierrez@hollandhart.com

*s/Micah D. Dawson*
Micah D. Dawson
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: 303-295-8236
Fax: 303-957-2220
E-mail: mddawson@hollandhart.com

**ATTORNEYS FOR DEFENDANT
UPS FREIGHT, INC.**